BENEDICT O'MAHONEY (Bar No.152447)
TERRA LAW
177 Park Avenue, Third Floor
San Jose, California 95113
Telephone: 408-299-1200
Facsimile: 408-998-4895
Email: bomahoney@terralaw.com

JONATHAN T. SUDER (*Pro Hac Vice To Be Filed*)
CORBY R. VOWELL (*Pro Hac Vice To Be Filed*)
TODD I. BLUMENFELD (*Pro Hac Vice To Be Filed*)
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Telephone: (817) 334-0400
Facsimile: (817) 334-0401
Email: jts@fsclaw.com
Email: vowell@fsclaw.com
Email: blumenfeld@fsclaw.com

Attorneys for Plaintiff
SOFTVAULT SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SOFTVAULT SYSTEMS, INC., | CASE NO. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 6,249,868 AND 6,594,765** |
| LANDIS+GYR INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff SOFTVAULT SYSTEMS, INC. files its Complaint against Defendant LANDIS+GYR INC., alleging as follows:

**THE PARTIES**

1. Plaintiff SOFTVAULT SYSTEMS, INC. ("SoftVault") is a corporation organized and existing under the laws of the State of Washington with its principle place of business in the State of Washington.

---
COMPLAINT FOR INFRINGEMENT OF PATENT

2. Upon information and belief LANDIS+GYR INC. ("Landis+Gyr") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Lafayette, Indiana. Landis+Gyr may be served with process through its registered agent National Registered Agents, Inc., 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

**JURISDICTION AND VENUE**

3. This is an action for infringement of United States patents. This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

4. Upon information and belief, Landis+Gyr is subject to personal jurisdiction by this Court. Landis+Gyr has committed such purposeful acts and/or transactions in the State of California that it reasonably knew and/or expected that it could be hailed into a California court as a future consequence of such activity. Landis+Gyr makes, uses, and/or sells infringing products within the Northern District of California and has a continuing presence and the requisite minimum contacts with the Northern District of California, such that this venue is a fair and reasonable one. Upon information and belief, Landis+Gyr has transacted and, at the time of the filing of this Complaint, is continuing to transact business within the Northern District of California. For all of these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), (2) and (c)(2) and 28 U.S.C. § 1400(b).

**PATENTS-IN-SUIT**

5. On June 19, 2001, United States Patent No. 6,249,868 BI ("the '868 Patent") was duly and legally issued for "METHOD AND SYSTEM FOR EMBEDDED, AUTOMATED, COMPONENT-LEVEL CONTROL OF COMPUTER SYSTEMS AND OTHER COMPLEX SYSTEMS." A true and correct copy of the '868 Patent is attached hereto as Exhibit A and made a part hereof.

6. On July 15, 2003, United States Patent No. 6,594,765 B2 ("the '765 Patent") was duly and legally issued for "METHOD AND SYSTEM FOR EMBEDDED, AUTOMATED, COMPONENT-LEVEL CONTROL OF COMPUTER SYSTEMS AND OTHER COMPLEX

SYSTEMS." A true and correct copy of the '765 Patent is attached hereto as Exhibit B and made a part hereof.

7. The '868 Patent and the '765 Patent are sometimes referred to herein collectively as "the Patents-in-Suit."

8. As it pertains to this lawsuit, the Patents-in-Suit, very generally speaking, relate to a method and system of remotely enabling and disabling electronic, mechanical, and electromechanical devices and systems, such as for example a computer system, an electricity meter containing a computer system, or an energy system. Specifically, certain claims of the '868 and '765 Patents disclose the utilization of embedded agents within system components to allow for the enablement or disablement of the system component or device in which the agent is embedded. The invention disclosed in the Patents-in-Suit discloses a server that communicates with the embedded agent through the use of one or more handshake operations to authorize the embedded agent. When the embedded agent is authorized by the server, it enables the device or component, and when not authorized the embedded agent disables the device or component.

## **FIRST CLAIM FOR RELIEF**

**(Patent Infringement)**

9. SoftVault repeats and realleges every allegation set forth above.

10. SoftVault is the owner of the Patents-in-Suit with the exclusive right to enforce the Patents-in-Suit against infringers, and collect damages for all relevant times, including the right to prosecute this action.

11. Upon information and belief, Landis+Gyr is liable under 35 U.S.C. §271(a) for direct infringement of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale products and/or systems that practice one or more claims of the Patents-in-Suit.

12. More specifically, Landis+Gyr, through its GridStream system, including its Remote Service Connection software, and Focus Smart Meter product offerings, infringes the Patents-in-Suit because it makes, uses, sells, and offers for sale products and systems that include the capability to remotely enable and disable a computer-based electricity, gas, or water meter.

1  Landis+Gyr's Smart Meter offerings have the ability to enable or disable the operation of a
2  Smart Meter through an authorization process performed by an embedded agent within the Smart
3  Meter and a remote server. By way of example only, Landis+Gyr's GridStream System,
4  including its Remote Service Connection software, operating with Smart Meters such as the
5  Focus models of meters, at a minimum, in the past directly infringed and continues to directly
6  infringe at least claim 44 of the '868 Patent, as well as at least claims 9 and 15 of the '765 Patent.

7        13.  Landis+Gyr's GridStream system, including its Remote Service Connection
8  software, includes the capability to enable or disable Smart Meters such as the Focus models of
9  meters.  The Focus meters include software, containing an agent, that is installed and embedded
10 within the Smart Meter and communicates with a server.  This communication includes a series
11 of message exchanges constituting a handshake operation between the server and the Smart
12 Meter. When the agent is authorized by the server, it will connect/reconnect the Smart Meter and
13 allow it to supply electricity to the house or building to which it is attached.  When the agent is
14 not authorized by the server, the Smart Meter is remotely disconnected and disabled such that it
15 cannot supply electricity to the house or building.

16       14.  Landis+Gyr has actual notice of the Patents-in-Suit at least as early as the filing of
17 this Complaint.

18       15.  SoftVault has been damaged as a result of Landis+Gyr's infringing conduct.
19 Landis+Gyr is, thus, liable to SoftVault in an amount that adequately compensates SoftVault for
20 Landis+Gyr's infringement, which, by law, cannot be less than a reasonable royalty, together
21 with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22 **PRAYER FOR RELIEF**

23    SoftVault requests that the Court find in its favor and against Landis+Gyr, and that the
24 Court grant SoftVault the following relief:

25       a.  Judgment that one or more claims of the Patents-in-Suit have been infringed,
26          either literally and/or under the doctrine of equivalents, by Landis+Gyr;

27
28

---
COMPLAINT FOR INFRINGEMENT OF PATENT

    b.    Judgment that Landis+Gyr account for and pay to SoftVault all damages to and costs incurred by SoftVault because of Landis+Gyr's infringing activities and other conduct complained of herein;

    c.    That Landis+Gyr, its officers, agents, servants and employees, and those persons in active concert and participation with any of them, be permanently enjoined from infringement of the Patents-in-Suit.  In the alternative, if the Court finds that an injunction is not warranted, SoftVault requests an award of post judgment royalty to compensate for future infringement;

    d.    That SoftVault be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Landis+Gyr's infringing activities and other conduct complained of herein;

    e.    That this Court declare this an exceptional case and award SoftVault its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

    f.    That SoftVault be granted such other and further relief as the Court may deem just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: December 10, 2014.                /s/ Benedict O'Mahoney

                                        Benedict O'Mahoney
                                        (Bar No.152447)
                                        TERRA LAW
                                        177 Park Avenue, Third Floor
                                        San Jose, California 95113
                                        Telephone:  408-299-1200
                                        Facsimile:  408-998-4895
                                        Email:  bomahoney@terralaw.com
                                        Attorney for Plaintiff
                                        SOFTVAULT SYSTEMS, INC.

/

/

/

---

Of Counsel:

Jonathan T. Suder
Corby R. Vowell
Todd Blumenfeld
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas  76102
Telephone:  (817) 334-0400
Facsimile:  (817) 334-0401
Email:  jts@fsclaw.com
Email:  blumenfeld@fsclaw.com
Email:  vowell@fsclaw.com


4839-4194-1793, v.  1

---

COMPLAINT FOR INFRINGEMENT OF PATENT